IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JENNIFER L. BRINKMEIER<br><br>  Plaintiff,<br><br>  v.<br><br>BIC CORPORATION and BIC USA INC.<br><br>  Defendant. | Civil Action No. _____<br><br>**JURY TRIAL DEMANDED** |

## **VERIFIED COMPLAINT**

For its complaint plaintiff Jennifer L. Brinkmeier ("Plaintiff"), by and through the undersigned attorneys, alleges as follows:

### **THE PARTIES**

1. Plaintiff is person residing in Philadelphia, Pennsylvania and a purchaser of BIC products.

2. Upon information and belief, Defendant BIC Corporation is a Delaware corporation with a principal place of business at 500 BIC Drive, Milford, Connecticut 06460 and a registered agent at The Corporate Trust Company, Corporate Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

3. Upon information and belief, Defendant BIC USA Inc. (BIC USA Inc. and BIC Corporation are collectively referred to herein as "BIC") is a Delaware corporation with a principal place of business at 500 BIC Drive, Milford, Connecticut 06460 and a registered agent at The Corporate Trust Company, Corporate Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

4. BIC is a world leader in producing lighters and has sold more than 15 billion lighters. *See* Exhibit A.

## JURISDICTION AND VENUE

5.     This is an action for patent misuse, arising under the patent laws of the United States, 35 U.S.C. § 292.

6.     Subject matter jurisdiction is proper in this Court under 28 U.S.C. §§ 1331 and 1338(a).

7.     Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and (c).

8.     This Court has personal jurisdiction over BIC.  Upon information and belief, BIC is a Delaware corporation and has committed acts of false marking.

## THE PATENTS

9.     U.S. Patent No. 4,496,309 (the "'309 patent"), entitled "Liquid Gas-Operated Lighted, Particularly Pocket Lighter," issued January 29, 1985 and expired March 18, 2002.

10.    U.S. Patent No. 4,509,916 (the "'916 patent"), entitled "Devices for Producing Ignition Sparks when Falling on a Pyrophoric Flint," issued April 9, 1985 and expired January 11, 2004.

11.    U.S. Patent No. RE 33,282 (the "'282 patent"), entitled "Liquid Gas-Operated Lighter," issued July 31, 1990, is a reissue of U.S. Patent No. 4,560,345 (the "'345 patent"), and expired on December 24, 2002.

12.    Upon information and belief, during prosecution of the '345 patent, an interference proceeding took place at the U.S. Patent and Trademark Office.

13.    Upon information and belief, an interference is a contest between an application and either another application or a patent to assist the Director of the U.S. Patent and Trademark Office in determining which party first invented the commonly claimed invention.

14. Upon information and belief, BIC received a favorable decision in the interference and the '345 patent later issued.

## **COUNT I**

15. Plaintiff realleges and incorporates herein by reference the allegations stated in paragraphs 1-14 of this Complaint.

16. Upon information and belief, BIC has in the past manufactured and marketed, or caused to be manufactured and marketed, and presently manufactures and markets, or causes to be manufactured or marketed, products for sale to the general consuming public, including, among other things, lighters.

17. Upon information and belief, the purpose of patent marking is to encourage the patentee to give notice to the public of the patent.

18. Upon information and belief, BIC has in the past marked, or caused to be marked, and presently marks, or causes to be marked, at least the following products with the '309, '916, and/or '282 patents:  BIC® Mini lighters, BIC® Classic lighters, BIC® Electronic lighters, BIC® Special Edition lighters, and BIC® Gripper cases with lighters.

19. When a patent expires, all monopoly rights in the patent terminate irrevocably.  Therefore, a product marked with an expired patent is not currently protected by such expired patent.

20. Upon information and belief, BIC is a sophisticated company and has many decades of experience applying for, obtaining, and litigating patents.

21. Upon information and belief, BIC has an in-house legal department located in Connecticut.  *See* Exhibit B.

22. Upon information and belief, attorneys in BIC's legal department are responsible for BIC's intellectual property and marketing, labeling, and advertising law. *See id.*

23. Upon information and belief, BIC knows by itself or by its representatives at least constructively that patents expire (*i.e.*, that patents do not have an indefinite duration) and is, or should be, aware of when reissued patents expire given the added attorney effort involved in obtaining reissued patents.

24. Upon information and belief, BIC knows, or at least should know (itself or by its representatives), that one or more of the patents marked on the products identified in paragraph 18 above are expired.

25. Upon information and belief, BIC knows that the products identified in paragraph 18 above are not covered by the expired patents marked on such products because expired patents have no monopoly rights.

26. Upon information and belief, BIC has previously accused companies of patent infringement and BIC has been accused of patent infringement.

27. As a sophisticated company with, upon information and belief, in-house attorneys who regularly litigate or oversee litigation of patent infringement and false advertising cases and who regularly prosecute or oversee patent prosecution, BIC knows, or reasonably should know, of the requirements of 35 U.S.C. § 292.

28. Upon information and belief, BIC reviews and revises the patent markings on the products identified in paragraph 18 above.

29. Some of the products identified in paragraph 18 have product packaging bearing a copyright notice of 2001 and a statement "U.S. Patent Nos. 5,520,197;

5,483,978; 4,496,309; 4,509,916; RE 33,282 and other issued and pending patents." *See* Exhibit C.

30.     Some of the products identified in paragraph 18 have product packaging with a copyright notice of 2007 and a statement "U.S. Patent Nos. 5,520,197; 5,483,978; RE 33,282 and other issued and pending patents." *See* Exhibit D.

31.     Some of the products identified in paragraph 18 have product packaging with a copyright notice of 2007 and a statement "U.S. Patent Nos. 5,854,530; RE 33,282; 4,496,309; 6,856,074 and other issued and pending patents." *See* Exhibit E.

32.     Some of the products identified in paragraph 18 have product packaging with a copyright notice of 2008 and a statement "U.S. Patent Nos. 5,735,294; 5,520,197; 5,993,198; 5,483,978; 4,496,309; RE 33,282 and other issued and pending patents". *See* Exhibit F.

33.     At least because of the differences in patent markings set forth in paragraphs 29-32 and BIC's having in-house attorneys who are responsible for BIC's intellectual property and marketing, labeling, and advertising law, upon information and belief, BIC intentionally included expired patents in the patent markings.

34.     At least for the reasons set forth herein, and/or for other reasons which will later be evidenced, BIC has, upon information and belief, falsely marked its products, with the intent to deceive the public, in violation of 35 U.S.C. § 292.

35.     Upon information and belief, BIC marks products identified in paragraph 18 with expired patents for the purpose of deceiving the public into believing that something contained in or embodied in the products is covered by or protected by each of the expired patents.

36. Each expired patent marked on the products identified in paragraph 18 above is likely to, or at least has the potential to, discourage or deter others from commercializing a competing product.

37. Upon information and belief, BIC knows, or reasonably should know, that marking the products identified in paragraph 18 above with false patent statements was and is illegal under Title 35 of the United States Code. At a minimum, BIC had and has no reasonable basis to believe that its use of the false markings was or is proper or otherwise permitted under federal law.

38. Upon information and belief, BIC's marking of its products with the numbers of expired patents, as described above and/or as will be further later evidenced, has wrongfully quelled competition with respect to such products to an immeasurable extent thereby causing harm to the United States in an amount which cannot be readily determined.

39. Upon information and belief, for at least the reasons set forth herein, BIC has wrongfully and illegally advertised patent monopolies which it does not possess, and, as a result, has likely benefitted in at least maintaining its considerable market share with respect to the herein described products in the market place.

40. For at least the reasons provided herein, and/or for other reasons which will be later evidenced, each expired patent which is marked on a product likely, or at least potentially, contributes to the public harm.

41. Thus, each expired patent marked on a product, directly or on the packaging thereof, multiplied by the number of products and/or packaging materials on which it appears (*e.g.*, each individual product or package sold in a retail store or online), is a separate "offense" pursuant to 35 U.S.C. § 292(a).

**JURY DEMAND**

Plaintiff hereby demands a jury trial on all issues appropriately triable by jury.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that it have judgment against BIC for the following:

a. A decree that BIC has falsely marked products in violation of 35 U.S.C. § 292;

b. An award of monetary damages, pursuant to 35 U.S.C. § 292, in the form of a civil monetary fine of $500 per false marking offense, or an alternative amount as determined by the Court, one-half of which shall be paid to the United States of America;

c. An accounting for any falsely marked products not presented at trial and an award by the Court of additional damages for any such falsely marked products;

d. A decree that this case is exceptional pursuant to 35 U.S.C. § 285;

e. An award of all costs of this action, including attorneys' fees and interest; and

f. Such other and further relief, at law or in equity, to which Plaintiff is justly entitled.

Dated: November 13, 2009

STAMOULIS & WEINBLATT LLC
*/s/ Richard C. Weinblatt*
Stamatios Stamoulis #4606
　　stamoulis@swdelaw.com
Richard C. Weinblatt #5080
　　weinblatt@swdelaw.com
Two Fox Point Centre
6 Denny Road, Suite 307
Wilmington, DE 19809
Telephone: (302) 999-1540

*Attorneys for Plaintiff*