IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JENNIFER L. BRINKMEIER, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> BIC CORPORATION and BIC USA INC., ) </br> ) </br> Defendant. ) | Civ. No. 09-860-SLR |
| JENNIFER L. BRINKMEIER, ) </br> ) </br> Plaintiff, ) </br> ) </br> v. ) </br> ) </br> BAYER HEALTHCARE LLC, ) </br> ) </br> Defendant. ) | Civ. No. 10-01-SLR |

**MEMORANDUM ORDER**

At Wilmington this 15th day of June 2011, having reviewed plaintiff's motions for reconsideration (Civ. No. 09-860, D.I. 15; Civ. No. 10-01, D.I. 21);

IT IS ORDERED that said motions are denied, as follows.

1. **Background**. On November 13, 2009, Jennifer L. Brinkmeier ("plaintiff") filed Civ. No. 09-860 alleging false marking against BIC Corporation and BIC USA Inc. (collectively, "BIC") pursuant to 35 U.S.C. § 292. (Civ. No. 09-860, D.I. 1) Plaintiff sought a declaratory judgment that BIC falsely marked products with expired U.S. Patent Nos. 4,496,309, 4,509,916, and RE 33,282 and also sought monetary damages. (*Id.*, D.I. 1 at 2, 7)

2. On January 3, 2010, plaintiff filed Civ. No. 10-01 against Bayer HealthCare

LLC ("Bayer") also alleging false marking pursuant to 35 U.S.C. § 292.  (Civ. No. 10-01, D.I. 1)  Plaintiff sought a declaratory judgement that Bayer falsely marked products with expired U.S. Patent Nos. 4,948,002 ("the '002 patent") and D330,677 ("the '677 patent") and sought monetary damages.  (*Id*. at ¶¶ 12, 13)

3.  BIC and Bayer (collectively, "defendants") each moved for dismissal of the respective complaints pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted and under Federal Rule of Civil Procedure 9(b) for failure to plead allegations of fraud with the required particularity.  Plaintiff subsequently filed an amended complaint against Bayer on March 8, 2010, and Bayer moved to dismiss the amended complaint.  (Civ. No. 10-01, D.I. 9, D.I. 11)

4.  In August 2010, the court granted both motions to dismiss in a consolidated memorandum opinion, with which the court presumes familiarity.  (Civ. No. 09-860, D.I. 13; Civ. No. 10-01, D.I. 19)[1]  In sum, the court joined fellow district courts adopting the Rule 9(b) pleading standard in § 292 cases.  *Brinkmeier*, 733 F. Supp. 2d at 563.  It found both complaints insufficient as neither set forth facts that could show that BIC and/or Bayer intended to deceive the public.  With respect to BIC, the court stated that: (1) the complaint does not clearly articulate which product(s) were allegedly mismarked, for what time, or why packaging changes were made; and (2) plaintiff did not allege that BIC added patents to its products after the patents' expirations.  *Id.* at 564.  While plaintiff summarily stated that Bayer "knew" the expiration dates of the '002 and '667 patents, and provided that Bayer "revised labels and/or leaflets at least once," the court stated that "[r]elabeling (with nothing more in support) does not translate into a specific

---

[1] *Brinkmeier v. BIC*, 733 F. Supp. 2d 552 (D. Del. 2010).

intent to keep expired patents on products." *Id.* at 565.

5. Plaintiff filed motions for reconsideration in both cases arguing that the court erred because it: (1) did not analyze the standards set forth in *Pequignot v. Solo Cup Company*, 608 F.3d 1356 (Fed. Cir. 2010) ("*Pequignot*"); (2) improperly applied a summary judgment or judgment as a matter of law standard to defendants' motions to dismiss; and/or (3) failed to draw all reasonable inferences in favor of plaintiff.

6. **Motion for reconsideration standard**. Motions for reconsideration are the "functional equivalent" of motions to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *See Jones v. Pittsburgh Nat'l Corp.*, 899 F.2d 1350, 1352 (3d Cir. 1990) (citing *Fed. Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 348 (3d Cir. 1986)). The standard for obtaining relief under Rule 59(e) is difficult to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex-rel Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985)). Therefore, a court should exercise its discretion to alter or amend its judgment only if the movant demonstrates one of the following: (1) a change in the controlling law; (2) a need to correct a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *See id.*

7. A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon*, 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument or

2

reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Id.* at 1241 (citations omitted); *see also* D. Del. LR 7.1.5.

8. **Discussion**. Upon review of the record, the court discerns no clear error of law in its prior decision. The *Pequignot* decision was a review of a district court's grant of summary judgment of no liability for false marking. 608 F.3d at 1357-58. In reviewing the evidence relevant to the "purpose of deceiving the public" required by § 292, the Federal Circuit stated that "the combination of a false statement and knowledge that the statement was false creates a rebuttable presumption of intent to deceive the public, rather than irrebuttably proving such intent." *Id.* at 1362-63 (citing *Clontech Labs., Inc. v. Invitrogen Corp.*, 406 F.3d 1347 (Fed. Cir. 2005). To prove deceptive intent under the "particularly high" bar set by § 292, however, a plaintiff must ultimately prove "a purpose of deceit, rather than simply knowledge that a statement is false." *Id.* at 1363. In the case before it, the Federal Circuit concluded that defendant successfully rebutted the presumption by "provid[ing] credible evidence that its purpose was not to deceive the public," whereas plaintiff raised no genuine issue of material fact otherwise. *Id.*

9. While plaintiff at bar urges the court to analyze its complaint in view of a

3

"presumptive intent standard" set forth in *Pequignot*, that decision was a review of a decision on the merits, and was not directed to pleading standards.² The Federal Circuit has since addressed pleading standards in false marking cases in its unanimous order in *In re BP Lubricants USA, Inc.*, 637 F.3d 1307 (Fed. Cir. 2011). On a petition for a writ of mandamus, the *In re BP Lubricants* Court resolved the split among district courts and held that Rule 9(b)'s particularly requirement applies to false marking claims. 637 F.3d at 1309. The Court also squarely rejected the notion that a complaint alleging false marking is sufficient when it "only asserts conclusory allegations that a defendant is a 'sophisticated company' and 'knew or should have known' that the patent expired." *Id.* That is, "a complaint must . . . provide some objective indication to reasonably infer that the defendant was aware that the patent expired." *Id.* at 1311. This is because "[i]ntent to deceive . . . is established in law by objective criteria," and the inference of fraudulent intent may be drawn upon "the fact of misrepresentation coupled with proof that the party making it had knowledge of the falsity." *Id.* (quoting *Clontech*, 406 F.3d at 1352)).³

---

²The court notes that it did cite *Pequignot* in its decision. BIC had relied on the district court decision in *Pequignot* for the proposition that the products at issue are not "unpatented articles" as contemplated by § 292. *Brinkmeier*, 733 F. Supp. 2d at 560 & n.13. The court later cited the Federal Circuit's decision in support of its statement that an assertion that a patent has expired must be followed with some other facts to show intent to deceive. *Id.* at 564, n.17 (citing *Pequignot*, 608 F.3d at 1363 ("[M]ere knowledge that a marking is false is insufficient to prove intent if [defendant] can prove that it did not consciously desire the result that the public be deceived.")).

³Plaintiff takes issue with the court's statement that "[t]he burden **ultimately** lies with the party who asserts false marking to show, by a preponderance of the evidence, that the accused party did not have a reasonable belief that the articles were properly marked." *Brinkmeier*, 733 F.3d at 564 (quoting *Clontech,* 406 F.3d at 1352-53) (emphasis added). The court's next statement in its opinion was: "Here, plaintiff has

10.  As the *In re BP Lubricants* Court stated, whether plaintiff "pled the facts necessary to activate the *Pequignot* presumption is simply a factor in determining whether Rule 9(b) is satisfied; it does not, standing alone, satisfy Rule 9(b)'s particularity requirement." *Id.* at 1313.  The court previously found that plaintiff did not proffer a factual basis for her broad allegations that BIC "intentionally included expired patents in the patent markings" with the "intent to deceive the public." *Brinkmeier*, 733 F. Supp. 2d at 563.  In its moving papers, plaintiff stresses that her "[c]omplaint identifies five different products that are falsely marked with different patent markings, establishing that BIC selectively and intentionally decided which patents to mark on each product" and that BIC's "sophisticated" in-house legal department "has a working knowledge of its patent portfolio and thus knows when those patents expire." (Civ. No. 09-860, D.I. 16 at 5)  These allegations remain insufficient under *In re BP Lubricants*, and the court denies plaintiff's motion on these grounds.

11.  Similarly with respect to Bayer, plaintiff emphasizes that her amended complaint alleges that Bayer has a sophisticated in-house legal department, a working knowledge of its patent portfolio, and has stated in its annual report that it monitors its patent portfolio.  (Civ. No. 10-01, D.I. 22 at 5-6)  The court ascertains no factual support for the requisite intent to deceive in the Bayer amended complaint and affirms its prior decision in view of *In re BP Lubricants*.

---

**pled no facts** to show BIC intentionally attempted to deceive the public." *Id.* (emphasis added).  The *In re BP Lubricants* also juxtaposed its discussion of the appropriate pleading standard with a statement about the ultimate issue; this is not akin to improperly applying a summary judgment standard to plaintiff's complaint, as plaintiff suggests.

13. Finally, plaintiff's arguments that the court did not accept all of her factual assertions as true or draw all reasonable inferences in her favor are without merit. Plaintiff's complaint in this respect includes the court's comments that

> it appears just as likely **on the facts pled** that BIC made a marking error. Inconsistency (to the extent the complaint implies such) does not amount to an intent to deceive.

*Brinkmeier*, 733 F. Supp. 2d at 564 (emphasis added). Further,

> the presence of expired patents on Bayer's products could be a simple oversight. Relabeling **(with nothing more in support)** does not translate into a specific intent to keep expired patents on products.

*Id.* at 565 (emphasis added). The court did not make factual assumptions that BIC did make a marking error or that Bayer did commit a simple oversight. Read in context, the court discerns no error in its statements or in its application of the law to the complaint at bar.

_____
United States District Judge

6